**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3892
_____

GUANG DI LIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-250-797)
Immigration Judge: Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2010
Before: Chief Judge MCKEE, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 21, 2010)
_____

OPINION
_____

PER CURIAM

        Petitioner Guang Di Lin, a citizen of the People's Republic of China, seeks review

of a final order of removal entered by the Board of Immigration Appeals ("BIA"). For

the following reasons, we will deny his petition.

I.

Lin entered the United States without inspection in February 2007. He filed an application for asylum within one year of his entry into the United States. The Department of Homeland Security subsequently initiated removal proceedings against Lin by serving him with a Notice to Appear. At his removal hearing, Lin conceded removability but renewed his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). An evidentiary hearing was held in March 2009 in which Lin testified that he was persecuted in China because he participated in underground church activities and violated China's family planning policy. The Immigration Judge ("IJ") found Lin's testimony incredible and denied his applications on that basis. The BIA affirmed. This appeal followed.

II.

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). Because the BIA adopted the findings of the IJ and discussed some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Adverse credibility determinations, like other factual findings in immigration proceedings, are reviewed under the deferential substantial evidence standard, which requires that the findings be supported by "reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (citing 8 U.S.C. §

1105a(a)(4)); see also Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir. 2005).  Under the provisions of the REAL ID Act, which the BIA correctly noted are applicable here, an IJ may base his or her credibility determination on observations of the applicant's demeanor, candor, or responsiveness, the inherent plausibility of the applicant's story, the consistency of the applicant's statements, and any inaccuracies or falsehoods in such statements, without regard to whether the inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.  See 8 U.S.C. § 1158(b)(1)(B)(iii); Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006).  An adverse credibility finding must be upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary."  Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

## III.

Upon a careful review of the record, we conclude that the adverse credibility determination is supported by substantial evidence.  The IJ based his adverse credibility determination primarily on omissions from the I-589, and the fact that Lin's testimony "added significant elements to the story that had not appeared anywhere in the documentary evidence that he had submitted."  (AR 57.)  The first embellishment the IJ cited was Lin's testimony that after he was arrested in September 2000 for holding a religious gathering at his home, he was held for two days in a small room, interrogated, and beaten with a stick, and that after he was released, his wife took him to a private

3

doctor for treatment of injuries to his face and back.  (AR 87-88.)  Lin's I-589, by contrast, does not reflect that he went to a doctor or suffered injuries severe enough to require medical treatment.  (AR 289, 297.)

Lin's testimony with respect to his second arrest in March 2006 also contained testimony of "heretofore unreported injuries."  (AR 58.)  Lin testified that he was arrested while handing out pro-Christian fliers on the street, and that the police beat him, kicked him, and hit him with a police baton, resulting in a fractured leg and swollen abdomen.  (AR 90.)  Lin testified that he sought medical treatment for his injuries from two doctors, after his wife paid a bond for his release.  The IJ found Lin's testimony about this incident incredible because neither Lin's asylum application nor his wife's affidavit mention that Lin suffered a fractured leg, and there is no record evidence to corroborate his injuries or his treatment.  (AR 299.)  The IJ also noted that Lin testified for the first time at the immigration hearing that he tried to physically intervene when his wife was forcibly taken by family planning officials to be inserted with an IUD in 2004.  Lin did not mention this attempted intervention until he was cross-examined.  (AR 59, 93, 298.)

Lin argues that the omitted testimony regarding his medical treatment is insubstantial, has no bearing on his claim for asylum, and is not significant enough to warrant an adverse credibility determination.  He further objects that he was not given an opportunity to explain why those details were not included in his written application. With respect to the omission regarding his resistance to the family planning officials, he

4

argues that because his asylum claim is premised on his religious persecution, his failure to mention his resistance to the family planning officials is not material.

The inconsistencies between Lin's testimony and written application as to the nature and extent of his injuries are material to his claim that he was persecuted as a practitioner of Christianity in China, because the beatings are the events upon which his claim of persecution is based.[1]  On cross examination Lin was given an opportunity to explain why he did not attempt to obtain corroboration of his injuries and why he did not think that a fractured bone would be noteworthy enough to mention in his application. (AR 101-104.)   Although Lin acknowledged that he had not reported his injuries in his written statement, he failed to articulate any reason for the omission.  While Lin's omission with respect to his altercation with the family planning police does not go to the heart of his claim of religious persecution, at the time of the hearing, Lin was seeking asylum based on both religious persecution and violation of China's family planning policies.  (AR 52, 289.)  In any event, the IJ may take into account any inaccuracies or falsehoods in the petitioner's statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).

---

[1] Beatings that do not result in serious harm to the petitioner generally will not support a claim for asylum.  See Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005) ("[I]solated incidents that do not result in serious injury do not rise to the level of persecution."); Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (an alleged beating that does not result in any injuries that require medical attention does not constitute persecution).

The IJ and the BIA provided specific, cogent reasons to support an adverse credibility determination that went to the heart of Lin's claim for asylum. Berishaj v. Ashcroft, 378 F.3d 314, 324 (3d Cir. 2004). A reasonable fact finder would not be compelled to reach an opposite conclusion. Since the asylum standard is a more lenient standard, Lin's failure to establish eligibility for asylum forecloses eligibility for withholding of removal. Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). Lin's CAT claim is also without merit because he did not demonstrate that it was more likely than not that he would face torture in the event he is returned to China. 8 C.F.R. §§ 1208.16(c), 1208.18.

## IV.

For the foregoing reasons, we will deny the petition for review.